# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

VON SHEAR ADAMS,

    Plaintiff,

v.                                    Case No. 5:20-cv-114-TKW/MJF

GULF CORRECTIONAL
INSTUTITIONAL MEDICAL STAFF
AND ADMINISTRATION, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff's complaint, the undersigned recommends that this action be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to completely and honestly disclose his litigation history.[1]

## I.    Background

Plaintiff, Von Shear Adams, DC # 061053, is an inmate of the Florida Department of Corrections ("FDC"). He commenced this action pursuant to 42 U.S.C. § 1983 and alleges that Defendants violated his Eighth Amendment right to

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

be free from cruel and unusual punishments. (Doc. 1). Specifically, Plaintiff alleged that Defendants discontinued Plaintiff's prescription medication for non-medical reasons.

Plaintiff's original complaint was not on the court-approved form for *pro se* plaintiffs proceeding in civil rights actions. Because Plaintiff failed to utilize the appropriate form, the undersigned directed Plaintiff to file his complaint on the court-approved form. (Doc. 4 at 3). The undersigned specifically advised Plaintiff that he must "complete the entire complaint form truthfully and honestly, including the section regarding his prior litigation." (*Id.* at n.3). The undersigned also warned Plaintiff that his amended complaint must include all of the factual allegations he would like to present because once the complaint is amended, it supersedes all earlier complaints. (*Id.* at 4). On May 19, 2020, Plaintiff's amended complaint was docketed. (Doc. 5)

## II.   Discussion

### A.   Screening for Maliciousness

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts.").

Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (analogous screening provision of *in forma pauperis* statute).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

**B.   Adams's Disclosures**

In Section IV of the complaint form utilized by Adam, it seeks information regarding Adam's prior litigation in state and federal courts. The complaint form advises that "NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLSOED AS WELL." (Doc. 5 at 3) (emphasis in original).

On page 3 of the complaint form, Question A asked, "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action." (*Id.*). Adams responded "No" and did not disclose any cases. Also on page 3 of the complaint form, Question B asked, "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (*Id.*). Adams responded "No" and did not disclose any cases. (*Id.*).

On page 4 of the complaint form, Question C asked,

Have you initiated other actions (besides those listed in Questions (A) and (B)) in **either state or federal court** that relate to the fact or manner of you incarceration (including habeas corpus petitions) or the conditions of you confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

(*Id.* at 4). Adams responded "No," and did not disclose any cases. (*Id.*). Finally, Question D of this section asked, "Have you ever had any actions in **federal court**

dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed[.]" (*Id.*). Adams responded "No," and did not disclose any cases. (*Id.* at 4-5).

At the end of the civil rights complaint form, Adams signed his name after the following statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENT OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT." (*Id.* at 9) (emphasis in original). Thus, Adams essentially stated that by the time he filed his complaint, he had filed no other actions—in federal or state court—that challenged his conviction or were otherwise related to the conditions of his confinement.

### C. Adams's Omissions

The court takes judicial notice that, at the time he filed his complaint in this case, Adams had initiated two additional section 1983 actions in the United States District Court for the Middle District of Florida that he should have disclosed in response to Question C. These cases are:

1. *Adams v. State of Florida*, No. 8:06-cv-1447-SDM-TBM (M.D. Fla. July 13, 2006);[2]

---

[2] Plaintiff initially filed this lawsuit in the Ocala Division of the Middle District of Florida. *See Adams v. State of Florida*, No. 5:06-cv-238-WTH-GRJ (M.D. Fla. July 13, 2006). This case was subsequently transferred to the Tampa Division, and provided the new case number of 8:06-cv-1447

2. *Adams v. State of Florida*, No. 8:06-cv-1743-SDM-TGW (M.D. Fla. Apr. 19, 2007).

These cases are attributable to Adams insofar as they bear his Department of Correction inmate number: 061053. He failed to disclose these section 1983 actions in his amended complaint. Plaintiff's omissions, therefore, violated his duty of candor to this court.

### D. Materiality of Adams's Omissions

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case.  All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions. Here, Adams falsely responded to questions on

the complaint form as detailed above. Adams knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE." (Doc. 5 at 3). Moreover, the undersigned specifically warned Plaintiff that he was required to provide truthful and accurate responses to the questions on the court-approved complaint form, including the questions relating to his previous litigation. (Doc. 4 at 3 n.3).

A penalty is warranted both to deter the Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E. The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Adams's false responses to go unpunished. If Adams suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Adams's abuse of the judicial process in not

providing the court with true factual statements or responses is to dismiss this case without prejudice.[3] *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and abuse of the judicial process, because that course of action would entail no penalty. *See Hood*, 197 F. App'x at 819. Insofar as Plaintiff is already incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning

---

[3] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). Generally, the statute of limitations for claims under § 1983 of the type alleged by Plaintiff is four years. *Id.* ("The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."). Plaintiff alleges the incidents in his complaint occurred between December 19, 2019 through May 10, 2020. (Doc. 5 at 5-6). Thus, the statute of limitations likely would not bar Plaintiff from refiling this action.

to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915(A)(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case.

In Panama City Beach, Florida this 21st day of May, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.